■ In the Matter of STEPHEN B. VERNA EGGLESTON, as Commissioner of the Department of Social Services of the City of New York, Appellant. [793 NYS2d 149]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Stephen B., an alleged incapacitated person, Verna Eggleston, as Commissioner of the Department of Social Services of the City of New York, appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 13, 2004, which granted the motion of nonparty Jeno Jacobovits, Stephen B.'s landlord, in effect, to vacate or modify so much of an order of the same court dated November 7, 2003, as enjoined him from evicting Stephen B. from his residence to the extent of directing the Department of Social Services of the City of New York to pay $861.76 per month in use and occupancy to Jeno Jacobovits from May 2004.

Ordered that the order is reversed, on the law, and the motion is denied.

Acting pursuant to her authority under Mental Hygiene Law § 81.06 (a) (6), the petitioner, the Commissioner of Social Services of the City of New York (hereinafter the Commissioner), moved for the appointment of a guardian for the person and property of Stephen B., who was facing eviction proceedings. Accordingly, as part of her application, the Commissioner sought an order restraining Stephen B.'s landlord, Jeno Jacobovits, from proceeding with any eviction. In an order dated November 7, 2003, the Supreme Court, inter alia, appointed a guardian, and enjoined Jacobovits from proceeding with the eviction for 120 days following the guardian's qualification. Jacobovits thereafter moved, in effect, to vacate or modify so much of that order as contained the injunction. By order dated May 13, 2004, the Supreme Court granted the motion to the extent of ordering the Department of Social Services (hereinafter the DSS) to pay Jacobovits the sum of $861.76 per month in "use and occupancy" beginning May 2004. The Commissioner appeals.

We reverse. There must be a legal obligation on the part of the municipality, either statutory or contractual, before public funds may be paid to individuals (*see Matter of Antonopoulou v Beame*, 32 NY2d 126 [1973]). In this case, no statutory or contractual provision was identified requiring the DSS to pay the use and occupancy directed by the Supreme Court. Accordingly, the Supreme Court erred in directing the DSS to pay Jacobovits the sum of $861.76 per month in use and occupancy. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.